IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 03:19-mj-00456-MMS |
| Plaintiff, | ) |
| vs. | ) |
| DR. LAVERN R. DAVIDHIZAR, | ) |
| Defendant. | ) |

## AFFIDAVIT IN SUPPORT OF COMPLAINT AND WARRANT FOR ARREST

1. On or about May 17, 2019, and on or about June 12, 2019, DR. LAVERN R. DAVIDHIZAR, the defendant herein, in the District of Alaska, did knowingly and intentionally distribute a controlled substance unauthorized by law. All in violation of Title 21, United States Code, § 841(a)(1).

2. Title 21 U.S.C. § 841(a)(1) makes it an offense for any person to knowingly and intentionally distribute or dispense a controlled substance except as authorized by law. Distribution of a scheduled controlled substance in violation of 21 U.S.C. § 841(a)(1) (often referred to as "diversion") by a medical doctor occurs when a medical doctor knowingly and intentionally prescribes a controlled substance, knowing the drugs were controlled, for a purpose other than a legitimate medical purpose and outside of "the usual course of professional practice." *See United States v. Moore*, 423 U.S. 122, 124

(1975) ("We hold that registered physicians can be prosecuted under 21 U.S.C. § 841 when their activities fall outside the usual course of professional practice."); *see also United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006) ("[T]o convict a practitioner under § 841(a), the government must prove (1) that the practitioner distributed controlled substances, (2) that the distribution of those controlled substances was outside the usual course of professional practice and without a legitimate medical purpose, and (3) that the practitioner acted with intent to distribute the drugs and with intent to distribute them outside the course of professional practice."). And the complaint further states:

3. I am Task Force Officer (TFO) with the U.S. Drug Enforcement Administration (DEA), and have been since February 2018. My official DEA duties include conducting regulatory, civil, and criminal investigations of DEA registrants related to their controlled substances activities. I have also participated in the preparation and execution of administrative inspection warrants. I am knowledgeable of the laws, regulations and procedures pertinent to investigations of the diversion of controlled substances to the illicit market as well as the techniques employed by registrants to divert controlled substances. I am also familiar with federal and state laws which prohibit the distribution of a controlled substance for no legitimate medical purpose and outside the ordinary course of medical practice.

//

//

4. My duties and responsibilities include executing and serving federal warrants and subpoenas and making arrests.

5. This affidavit is made in support of a complaint charging that DR. LAVERN R. DAVIDHIZAR did knowingly and intentionally distribute controlled substances unauthorized by law. All in violation of 21 U.S.C. § 841(a)(1).

6. I make this affidavit based upon my personal observations, my training and experience, and information I obtained from agents, task force officers, police officers, and witnesses in this investigation. Because this affidavit is being submitted for the limited purpose of supporting the charges contained in the complaint, I have not set forth each and every fact known to me regarding this matter.

7. For the reason contained herein, I have probable cause to believe that DR. LAVERN R. DAVIDHIZAR knowingly and intentionally distributed controlled substances unauthorized by law. All in violation of 21 U.S.C. § 841(a)(1).

8. DR. LAVERN R. DAVIDHIZAR is a Doctor of Osteopathy. He has been licensed by the State of Alaska, Department of Commerce, Community, and Economic Development as an Osteopathic Physician since 1978 and holds an Alaska Medical License. He employs additional practitioners and a staff of medical assistants, receptionists, and clerical staff in the clinic. He is a DEA registrant.

9. The evidence establishing probable cause that DR. LAVERN R. DAVIDHIZAR diverted controlled substances, in violation of 21 U.S.C. § 841(a)(1), includes, without limitation: statements of persons who are, themselves, subjects of

investigations concerning unlawful activity regarding prescription medication; DR. LAVERN R. DAVIDHIZAR's writing prescriptions to undercover investigators ("UC's") presenting as patients in the course of this investigation; and the record of DR. LAVERN R. DAVIDHIZAR's prescriptions in the controlled substance prescription database (the "PDMP") established under Alaska law

10. Further, Dr. Timothy A. Munzing, M.D., is an expert witness retained by the United States in this investigation. Dr. Munzing provides additional evidence in support of the probable cause.

11. DR. LAVERN R. DAVIDHIZAR owns and operates the Family Medical Clinic, which is located at 206 West Rockwell Avenue, Unit 100, Soldotna, Alaska 99669.

12. Throughout 2017 and 2018, the Southcentral Area wide Narcotics team ("SCAN") interviewed numerous street-level controlled substance users who commonly referred to DR. LAVERN R. DAVIDHIZAR as the "Candy Man." They referred to him as the "Candy Man" because it was common knowledge that people could obtain pain medication prescriptions from him even though they did not have a legitimate medical need. In other words, DR. LAVERN R. DAVIDHIZAR handed out the prescriptions like "candy." Based on my training and experience, the fact that drug users referred to DR. LAVERN R. DAVIDHIZAR by a common street name indicates that he was well known in the drug abuser community on the Kenai Peninsula.

13. In 2019, investigators conducted a series of undercover operations to gather evidence regarding DR. LAVERN R. DAVIDHIZAR's medical and business practices. In these operations, officers posed as patients with signs of opioid addiction and abuse, but little sign of pain justifying the opioids they sought. Nevertheless, DR. LAVERN R. DAVIDHIZAR conducted cursory examinations and prescribed them opioids.

14. On May 17, 2019, an undercover investigator, identified as UC#2, visited DR. LAVERN R. DAVIDHIZAR's clinic. UC#2 stated that he drove from Palmer to Soldotna to visit the clinic, that he took Oxycodone daily, some of which he obtained from his cousin, and that he occasionally had headaches. DR. LAVERN R. DAVIDHIZAR prescribed him 42 Oxycodone 15 mg pills.

15. Dr. Munzing reviewed a recording of the visit. In his opinion, DR. LAVERN R. DAVIDHIZAR's prescription was neither legitimate nor within usual professional practice. UC#2 indicated that he was addicted to oxycodone and sometimes obtained it illegally. And the prescription was for addiction, not headaches.

16. On June 12, 2019, UC#2 visited the clinic for his second two-week follow up appointment. UC#2 indicated that he took Oxycodone because he was addicted to it but wanted it for headaches. DR. LAVERN R. DAVIDHIZAR prescribed him 42 Oxycodone 15 mg pills.

//

//

//

17. Dr. Munzing reviewed a recording of this visit. In his opinion, DR. LAVERN R. DAVIDHIZAR's prescription was neither legitimate nor within usual professional practice. UC#2 continued to indicate that he was addicted to oxycodone. And the prescription was for addiction, not headaches.

18. UC#2 made four visits to the clinic, including the May 17, 2019 and June 12, 2019 visits. Dr. Munzing summarized the four visits and his opinions that DR. LAVERN R. DAVIDHIZAR's prescriptions were not medically legitimate and were prescribed outside the course of usual medical practice:

> The care provided is dangerous. Dr. Davidhizar's actions are alarming with the multitude of specifics outlined above. Patient care and prescribing laws, regulations, and standards were violated multiple times in many ways in the treatment of this patient. Davidhizar comments that pharmacies are cracking down and he cannot prescribe opioids without a referral, and then does just that. The prescribing by Dr. Davidhizar of controlled substance medications, opioids specifically, is clearly outside the referenced guidelines, standard of care, and Federal laws. In my opinion, the care provided to this patient by Dr. Davidhizar, and the controlled substance prescribing includes multiple extreme departures from the standard of care. The controlled substance prescribing is without a legitimate medical purpose and is not in the usual course of professional practice.

Prescribing opioid medications (Schedule II) without appropriate evaluation, monitoring, and balancing patient safety, putting the patient at increased risk for harm, including overdose death – extreme departure.

Prescribing opioid medications (Schedule II) without an appropriate exam, in fact, no exam is performed– extreme departure.

In conclusion, in my opinion, I find to a reasonable degree of certainty, based on all the information above: The controlled substance prescriptions prescribed to this patient at the four UC visit dates reviewed above are outside the usual course of legal professional medical practice. The controlled substance prescriptions are not medically legitimate, and each is an extreme departure of the standard of care.

19. As part of this investigation, the DEA obtained, via subpoena, a two-year report of DR. LAVERN R. DAVIDHIZAR's dispensing of controlled prescription medications through the Alaska State Prescription Drug Monitoring Program (PDMP). A DEA Investigative Analyst reviewed the PDMP report and found the following: DR. LAVERN R. DAVIDHIZAR prescribed 719,847 narcotic pills between January 2017 and January 2019; and the top ten medications DR. LAVERN R. DAVIDHIZAR prescribed were (1) Hydrocodone-Acetaminophen 10-325 mg, (2) Oxycodone-Acetaminophen 10-325mg, (3) Morphine Sulfate ER 30MG tablet, (4) Oxycodone HCL 10MG tablet, (5) Methadone HCL 10MG tablet, (6) Oxycodone HCL 20MG tablet, (7) Tramadol HCL 50MG tablet, (8) Oxycodone HCL 15MG tablet, (9) Oxycodone HCL 30MG tablet, and (10) Morphine Sulfate ER 15MG tablet.

20. Dr. Munzing reviewed DR. LAVERN R. DAVIDHIZAR's PDMP and indicated the following:

Based solely on my review of the PDMP database report information, many patients have received controlled substance prescriptions from Lavern Davidhizar, M.D., with potentially serious issues of concern. It is not possible to give a final conclusive opinion as to whether these specific medications were prescribed for a medically legitimate purpose in the usual course of professional practice (Title 21) based solely on this information. Based on my experience, there is a high probability that once the medical records are reviewed, the controlled substance prescriptions did not satisfy the medically legitimate purpose in the usual course of professional practice (Title 21).

A selection of areas of concern include (not a comprehensive listing):

- Over 11,000 controlled substance (CS) prescriptions and over 850,000 dosage units were prescribed in less than a four-year period. This is very high for physicians.
- 74% of the CS medications prescribed were for opioids – very high.
- 39% of the opioid prescriptions were for Oxycodone in one of multiple formulations and 24% for Hydrocodone. These medications are highly abused and diverted.

- Many patients are prescribed combinations of CS medications, including multiple concurrent opioids, benzodiazepines, sedatives, etc. Various combinations were found.

21. Based upon the foregoing information, I have probable cause to believe that DR. LAVERN R. DAVIDHIZAR, in the District of Alaska, knowingly and intentionally distributed a controlled substance unauthorized by law. All in violation of Title 21, United States Code, § 841(a)(1).

Dated this 8th day of October, 2019

Edward C. Mooney II,
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me this ~~10~~ 8th day of October, 2019

MATTHEW M. SCOBLE
United States Magistrate Judge
District of Alaska
Anchorage, Alaska

