BRYAN SCHRODER
United States Attorney

JONAS M. WALKER
STEVEN CORSO
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: jonas.walker@usdoj.gov
       steven.corso@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:19-mj-00456-MMS |
| Plaintiff, | ) |
| vs. | ) |
| LAVERN R. DAVIDHIZAR, | ) |
| Defendant. | ) |

**MOTION FOR ORDER REGARDING CONDITIONS OF RELEASE**

The United States, by undersigned Assistant United States Attorney, moves the Court for an order that, if the defense produces sufficient evidence to overcome the presumption of detention in 18 U.S.C. 3142(e)(3), establishing conditions of release sufficient to protect the public and assure the defendant's appearance.

The defendant is charged with two counts of Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). Specifically, the defendant is charged with knowingly and intentionally prescribing, on May 17 and June 12, 2019, a total of 84 Oxycodone 15mg pills for a purpose other than a legitimate medical purpose and outside the usual course of medical practice. Oxycodone is a Schedule II controlled substance.

An expert witness doctor opined that the "care provided is dangerous" and that "[p]atient care and prescribing laws, regulations, and standards were violated multiple times in many ways in the treatment of" the undercover investigator. Summarizing his conclusions regarding the defendant's prescriptions to the undercover investigator, the expert witness doctor wrote:

> The prescribing by Dr. Davidhizar of controlled substance medications, opioids specifically, is clearly outside the referenced guidelines, standard of care, and Federal laws, as detailed above. In my opinion, the care provided to this patient by Dr. Davidhizar, and the controlled substance prescribing includes multiple extreme departures from the standard of care. The controlled substance prescribing is without a legitimate medical purpose and is not in the usual course of professional practice.
>
> • Prescribing opioid medications (Schedule II) without appropriate evaluation, monitoring, and balancing patient safety, putting the patient at increased risk for harm, including overdose death – extreme departure
> • Prescribing opioid medications (Schedule II) without an appropriate exam, in fact, no exam is performed– extreme departure
>
> In conclusion, in my opinion, I find to a reasonable degree of certainty, based on all the information above:
>
> The controlled substance prescriptions prescribed to this patient at the four UC visit dates reviewed above are outside the usual course of legal professional medical practice. The controlled substance prescriptions are not medically legitimate, and each is an extreme departure of the standard of care.

The defense may argue that the defendant is not a danger to the public because he has already surrendered his DEA Certificate of Registration (Ex. 1), thereby terminating his privileges to write prescriptions for controlled substances; further, that he has already executed a Voluntary Suspension of License with the Alaska State Medical Board (Ex. 2); and, moreover, that the Alaska Department of Health and Social Services immediately suspended the defendant's eligibility for Medicaid Payments (Ex. 3). Of course, these prophylactic measures will protect the public if, and only if, the defendant abstains from medical practice, billing, and prescriptions. Moreover, the government's understanding is that the defendant's surrender of his medical license will not take effect unless, and until, the Alaska State Medical Board accepts his surrender; thus, as of the filling of this Motion, it appears that the defendant continues to possess a valid medical license.

Therefore, the government respectfully requests the Court establish the following conditions of release, if the Court does order his release:

1. Do not do any act requiring a medical license;
2. Do not prescribe any medication, including, but not limited to, any controlled substance;
3. Do not be present at Family Medical Clinic, 206 West Rockwell Avenue, Suite #100, Soldotna, Alaska 99669; and
4. Do not possess, access, create, or amend any medical record or health information contained with eClinicalWorks, except that which the defense receives in discovery.

Further, pursuant to Wheeler v. United States, 640 F.2d 1116, 1123 (9th Cir. 1981), the United States respectfully requests the Court order that the defendant not directly or indirectly contact victims or witnesses. "We recognize that a court has the inherent power to protect witnesses. This inherent power to protect witnesses stems from the indisputably broad powers (of the trial judge) to ensure the orderly and expeditious progress of a trial. More generally stated, the trial judge has the broad discretion to protect the administration of justice from abuses, oppression and injustice." Wheeler, 640 F.2d 1116, 1123 (9th Cir. 1981) (internal citations and punctuation omitted).

The United States respectfully requests the Court order the defendant not to contact the following persons, who were medical personnel employed by, and/or at, Family Medical Clinic, as of October 8, 2019:

1. Dr. Tamar Marcotte
2. Christina Turknett
3. Kelsey Robertson
4. Michelle Scott
5. Sierra Madden
6. Patty Bilby
7. Catherine Martin
8. Alex Steger
9. Casey Lamay
10. Renee Howard

11. Dr. Solomon Pearce.

RESPECTFULLY SUBMITTED October 10, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
Acting United States Attorney

s/ Jonas M. Walker
JONAS M. WALKER
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2019,
a true and correct copy of the foregoing
was served electronically on the following:

Philip Weidner

s/ Jonas M. Walker
Office of the U.S. Attorney

U.S. v. Davidhizar
3:19-mj-00456-MMS