Phillip Paul Weidner
PHILLIP PAUL WEIDNER & ASSOCIATES, A.P.C.
943 West Sixth Avenue, Suite 300
Anchorage, AK 99501
Tel: (907) 276-1200; Fax: (907) 278-6571
PhillipWeidner@weidnerjustice.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:19-MJ-00456-MMS |
| ) | |
| v. ) | |
| ) | |
| LAVERN R. DAVIDHIZAR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### DEFENDANT DAVIDHIZAR'S MOTION FOR RELIEF ON AN EXPEDITED BASIS DISMISSING THE COMPLAINT AND PROTECTING DEFENDANT'S RIGHTS REGARDING GRAND JURY AND ORDERING THE RETURN OF FAMILY MEDICAL CLINIC'S SERVERS CONTAINING PATIENT MEDICAL RECORDS

COMES NOW Defendant LAVERN DAVIDHIZAR, through Counsel Phillip Paul Weidner of Phillip Paul Weidner & Associates, APC, and who has entered a Limited Appearance in this matter[1], and hereby moves for the Court to issue an Order on an expedited basis for the following relief:

1. To dismiss the Complaint;

2. Issue Orders protecting Defendant's rights to the Grand Jury and a Grand Jury Indictment;

---

[1] Mr. Weidner has only entered a Limited Appearance and not yet finalized a fee agreement as retained counsel or entered a general appearance but has communicated with Assistant U.S. Attorney Jonas Walker and filed this Motion to assert and protect the Defendant's rights.

3. Order that the servers containing the medical records of the patients of Family Medical Clinic be returned forthwith to the Clinic so said records may be provided to the patients as they are asking and need (which is the patients' right), in some cases for potential urgent life crisis medical care; and

4. This includes an Order to protect all the Defendant's rights under the U.S. and Alaska Constitutions and applicable statutes, and Rules of Criminal Procedure.

The grounds for the relief requested are summarized and set out in correspondence to Assistant U.S. Attorney Jonas Walker, enclosed as Exhibit A (*See*, in particular, Exhibit A at pages 11 to 22).

Note, that by filing this Motion, and setting out the issues and grounds in said correspondence, by Defendant's Counsel, the Defendant is expressly preserving and reserving, all of his rights under the U.S. and Alaska Constitutions with no limited or general waiver(s) of same, and preserving all evidentiary exclusions, and there are no waivers of any rights, including the right to remain silent and against self-incrimination or confidentiality of attorney-client communications, or other constitutional rights, and no admissions, concessions, or inferences, express or implied are made as to the alleged facts in this case, or culpability. Given the time constraints involved as to the relief sought this Motion is somewhat abbreviated and will be supplemented in due course.

The Court is requested to act on an expedited basis given the nature of the relief sought and relevant time period(s) that must be considered, in that regard.

Accordingly, the Defendant requests the following relief on an expedited basis given the nature of the relief sought and relevant time period(s) and asks that the Motion be considered on an expedited basis in that regard.

Defendant seeks a Court Order dismissing the Complaint on the grounds that the Complaint and alleged evidence and facts stated do not state an offense as to all required elements or given proper notice of same to allow a defense.

Further, the alleged evidence in support of the Complaint is legally and constitutionally defective.

The Court should issue an Order that no presentation may be made to a Grand Jury until the issues addressed in Exhibit A are fully resolved.

Note, as set out in Exhibit A, if the Court dismisses the Complaint and/or the Prosecution voluntarily dismisses the Complaint, as a gesture of good faith, Dr. Davidhizar will continue to abide by the terms and conditions set for his pretrial release.

The Court should assume jurisdiction over the conduct of the Grand Jury proceedings, which is the Court's duty and obligation and issue orders to ensure the Grand Jury is properly instructed on the law[2], that no improper evidence is presented to the Grand Jury as addressed in Exhibit A, that all necessary discovery is provided to Defendant's Counsel before a Grand Jury presentation so that Defendant's Counsel can point out to Assistant U.S. Attorney, and in a letter directly to the Grand Jury Foreman all evidence that needs to be considered (this includes discovery asked for and which is mandatory of any tape recordings of the Defendant's statements and those of the "Undercover Agent 2" at the time of the alleged conduct, involving Undercover Agent 2, as well as all medical records which may be relevant).

---

[2] Defense Counsel will present proper instructions to the Assistant U.S. Attorney and Court for consideration and necessary use.

This includes, a preclusion order from evidence being presented to a Grand Jury, in an improper and unconstitutional fashion by the Prosecution's Expert.

This includes, an Order allowing the Defendant after the necessary and requested and mandatory discovery is provided, to make an Offer to the Grand Jury to consider the Defendant's Expert as to the relevant issues.

This includes, insuring that the Grand Jury is properly instructed as to the requisite element and requirement of specific intent and/or "good faith" as addressed in Exhibit A and in the Ninth Circuit Case of *U.S. v. Feingold* 454 F. 3d 1001 (2006).

This includes, ensuring that the Grand Jury is not given improper evidence as to prescriptions written by Doctors other than Dr. Davidhizar (i.e. as to issuance and alleged numbers and contents of same).

This includes, no presentation of the Grand Jury of any inappropriate hearsay and/or reputation evidence or any allegations as to Doctor Davidhizar allegedly being known to controlled substance abusers/users on the Kenai Peninsula, or being referred to as "The Candy Man".

The grounds for this Motion are summarized in the referenced correspondence to Assistant United States Attorney Jonas Walker as Exhibit A (*See*, pages 11 to 22), all of Exhibit A incorporated herein by reference and will be further amplified in due course.

However, the Court should issue as requested, immediately an order dismissing the Complaint and staying and precluding any presentation to a Grand Jury until Counsel for Dr. Davidhizar, as requested, has had a full and complete opportunity to examine the requested evidence, and communicate with Assistant U.S. Attorney Jonas Walker and the Court as to the

relevant evidentiary issues, the sufficiency of the complaint and necessary instructions including doing so after Defense Counsel has received all the necessary evidence requested.

Thus, there should be a stay of any presentation to a Grand Jury until all the relevant issues set out in Exhibit A are resolved.

Moreover, as reflected by Exhibit A, the patients of Family Medical Clinic are requesting and/or need immediately their crucial medical records, in some cases due to potential urgent life crisis concerns, and the servers which were seized from the Clinic which contain those records, must be forthwith returned to the Clinic, as has been requested of, promised by, the Government but are now being delayed. This is so, such that the appropriate clinic staff and Providers (other than Dr. Davidhizar) may "lock" and give those records to the patients and/or providers other than Dr. Davidhizar, the patients elect, under a protocol that conforms to Dr. Davidhizar's bail conditions, to allow the patients (as is their urgent right and their needs), to seek consultation and/or be treated from another provider other than Dr. Davidhizar and/or other Providers outside Family Medical Clinic, as is the patients' rights and/or the ethical and legal duties and obligations of the Providers, clinic and Dr. Davidhizar under ethics and law (and for that matter, those of the Government).

Note, that is the right, obligation, responsibility and duty of the Court to supervise a Grand Jury Proceeding and ensure that all the rights of the Defendant under the U.S. and Alaska Constitutions and the applicable statutes and rules of criminal procedure, are honored and protected.

As set out in Exhibit A (*See,* pages 11 to 22), given the statutory definitions of the elements of an offense, as alleged under 21 U.S.C. § 841(a)(1), there is insufficient alleged evidence (even

including all of the alleged evidence and not merely the admissible evidence), to support a 21 U.S.C. § 841(a)(1) charged offense, i.e. an unauthorized delivery of a controlled substance.

Under U.S. Supreme Court case of *U.S. v. Moore* 486 F.2d 1139 (1973) and the Ninth Circuit case of *U.S. v. Feingold* 454 F.3d 1001 (2006), mere allegations and/or even proof that a Doctor's conduct was without a medical purpose, or outside the normal course of medical practice is not sufficient, and there has to be Mens rea of actual specific intent in that regard. Both the Grand Jury and trial jury have to be so instructed and it is improper to instruct the Grand Jury or trial jury in a potentially erroneous manner, as cautioned by the Ninth Circuit under *Feingold,* that confuses the lesser civil standard as to the malpractice, medical purpose, medical practices, etc., with the high criminal standard of proof beyond a reasonable doubt as to the required Mens rea.

RESPECTFULLY SUBMITTED this 16th day of October 2019.

> WEIDNER & ASSOCIATES
> Attorneys for Defendant
>
>
> /s/ Phillip Paul Weidner
> Phillip Paul Weidner

CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2019, a copy of the foregoing was served electronically on the U.S. Attorney's Office.

s/ Phillip Paul Weidner